# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# AT KANSAS CITY

| | |
|---|---|
| DANETTE ADAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.:_____ |
| ) | |
| Z D EXPRESS, INC. ) | |
| and ) | |
| ZOU DAPENG, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** Plaintiff Danette Adamson, by and through undersigned counsel, and states as follows for her Complaint:

### GENERAL ALLEGATIONS

1. Plaintiff is an individual residing in Georgia.

2. Upon information and belief, Defendant Z D Express, Inc. ("Z D Express") is a California corporation which is engaged in the trucking industry. It regularly engages in business in the State of Kansas through, at minimum, transporting goods via tractor trailer on Kansas roadways.

3. Upon information and belief, Defendant Zou Dapeng ("Dapeng") is an individual residing in California.

4. This Court has jurisdiction over this controversy pursuant to **28 U.S.C. § 1331** in that the controversy is between citizens of different States and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to **28 U.S.C. § 1391** because a

substantial part of the events and occurrences giving rise to Plaintiff's claims occurred in Franklin County, Kansas, which lies within the District of Kansas.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. On December 21, 2013, Plaintiff was operating her vehicle in a northerly direction on Interstate 35 at or near Mile Marker 175 in Franklin County, Kansas.

7. Plaintiff was operating a tractor trailer.

8. On December 21, 2013, Interstate 35 was a public street and thoroughfare in the State of Kansas, particularly in Franklin County, Kansas. It contained two (2) lanes for northbound traffic.

9. On December 21, 2013, Defendant Dapeng was operating his vehicle in an northerly direction on Interstate 35 at or near Mile Marker 175 in Franklin County, Kansas.

10. Defendant Dapeng was operating a tractor trailer and did so within the course and scope of his employment with Defendant Z D Express. Upon information and belief, Defendant Z D Express owned the tractor trailer being operated by Defendant Dapeng.

11. Upon information and belief, Defendant Dapeng possesses an ownership interest in Defendant Z D Express.

12. On December 21, 2013, Defendant Dapeng's tractor trailer was traveling some distance ahead of Plaintiff's tractor trailer.

13. Defendant Dapeng's tractor trailer jack-knifed at or near Mile Marker 175 in Franklin County, Kansas, which resulted in it coming to a stop perpendicular to the roadway. When it came to a rest, it blocked both lanes of traffic on Interstate 35.

14. Moments later, Plaintiff's tractor trailer came upon Defendant Dapeng's tractor trailer which was blocking Plaintiff's path on the roadway.

15. Despite Plaintiff's best efforts to slow her tractor trailer and/or otherwise avoid a collision, Plaintiff's tractor trailer collided with Defendant Dapeng's trailer.

16. As a result of the December 21, 2013 incident mentioned herein, Plaintiff sustained significant injury to her body, including, but not limited to, her right foot, right ankle, and right leg. She was initially hospitalized for more than three (3) weeks and underwent multiple surgeries. Furthermore, Plaintiff has incurred medical expenses, has lost income, and has endured pain and suffering, all as a result of the December 21, 2013 incident.

## COUNT I – NEGLIGENCE AGAINST DEFENDANTS

17. Plaintiff incorporates by reference herein the allegations set forth in Paragraphs 1 through 16 above.

18. At the time of the December 21, 2013 incident, Defendant Dapeng was in the course and scope of his employment with Defendant Z D Express, which is therefore vicariously liable for the negligent acts of Defendant Dapeng.

19. At the time of the December 21, 2013 incident, Defendant had a duty to avoid blocking the lanes of traffic as he operated his tractor trailer on Interstate 35 in Franklin County, Kansas.

20. At the time of the December 21, 2013 incident, Defendant Dapeng breached such duty inasmuch as Defendant Dapeng's operation of his tractor trailer was negligent in one or more of the following respects:

a. Defendant Dapeng drove his tractor trailer at an excessive speed under the conditions;

b. Defendant Dapeng drove his tractor trailer at a speed which made him unable to avoid the tractor trailer jack-knifing;

c. Defendant Dapeng drove his tractor trailer without all of its air brakes being properly connected;

d. Defendant Dapeng drove his tractor trailer without its anti-lock braking system being properly connected;

e. Defendant Dapeng knew or by the use of the appropriate degree of care could have known that there was a reasonable likelihood of his tractor trailer jack-knifing in time thereafter to have taken appropriate evasive action, including but not limited to, stopping, swerving, and/or slackening speed and swerving, but Defendant Dapeng failed to do so;

f. Defendant Dapeng failed to move his tractor trailer to the shoulder or such other area as would not have blocked both lanes of northbound traffic on Interstate 35; and/or

g. Defendant Dapeng failed to warn Plaintiff that his tractor trailer was blocking both lanes of northbound traffic in time for Plaintiff to have avoided the collision.

21. As a direct and proximate result of Defendant Dapeng's breach of duty and negligence, Plaintiff's tractor trailer struck Defendant Dapeng's trailer.

22. As a direct and proximate result of Defendant Dapeng's breach of duty and negligence, Plaintiff sustained personal injury.

23. As a direct and proximate result of the incident and injuries described above, Plaintiff has been damaged as follows:

    a. She has endured and will continue to endure pain and suffering;

    b. She has incurred medical bills and will continue to incur medical bills; and

    c. She has sustained a loss of income and will continue to sustain a loss of income.

**WHEREFORE** Plaintiff respectfully requests that judgment on Count I be entered in her favor and against Defendants for compensatory damages in an amount that is fair and reasonable, for pre-judgment and post-judgment interest, for court costs, and for such other and further relief as is just and proper under the circumstances.

### COUNT II – PUNITIVE DAMAGES AGAINST DEFENDANTS

24. Plaintiff incorporates by reference herein the allegations set forth in Paragraphs 1 through 23 above.

25. On December 21, 2013, Defendant Dapeng drove his tractor trailer, which was owned by Defendant Z D Express, without all of its air brakes being properly connected. Such condition was in violation of Department of Transportation regulations and, therefore, made it improper for Defendant Dapeng's tractor trailer to be operated on the roadways of Kansas.

26. On December 21, 2013, Defendant Dapeng drove his tractor trailer, which was owned by Defendant Z D Express, without its anti-lock braking system being properly connected. Such condition was in violation of Department of Transportation regulations and, therefore, made it improper for Defendant Dapeng's tractor trailer to be

operated on the roadways of Kansas.

27. Defendant Dapeng knew, or at minimum should have known, that his tractor trailer had neither all of its air brakes properly connected nor its anti-lock braking system properly connected, but he drove his tractor trailer anyway.

28. Defendant Z D Express knew, or at minimum should have known, that the tractor trailer being operated by Defendant Dapeng had neither all of its air brakes properly connected nor its anti-lock braking system properly connected, but it allowed Defendant Dapeng to drive the tractor trailer anyway.

29. The aforementioned actions and/or inactions of Defendants showed a complete indifference to or conscious disregard for the safety of others, including Plaintiff, so as to entitle Plaintiff to an award of punitive damages so as to serve to punish Defendants and to deter Defendants and others from like conduct.

**WHEREFORE** Plaintiff respectfully requests that judgment on Count II be entered in her favor and against Defendants for punitive damages in an amount sufficient to punish and deter Defendants and to deter others from undertaking conduct that is the same or similar to Defendants' conduct, for court costs, and for such other and further relief as is just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

30. Plaintiff demands a trial by jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

31. Pursuant to **D.Kan. Rule 40.2,** Plaintiff respectfully requests that trial be held in the United States District Court for the District of Kansas at Kansas City, Kansas.

          /s/ Dennis J. Cassidy
Dennis J. Cassidy          KS #18584
HUNTER & CASSIDY, LLC
600 Broadway, Suite 490
Kansas City, Missouri 64105
Telephone: (816) 421-1377
Facsimile: (816) 421-1833
E-Mail: dcassidy@huntercassidylaw.com
ATTORNEY FOR PLAINTIFF